UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESIDENTIAL MORTGAGE
LOAN TRUST I,

    Plaintiff,

v.                                                   CASE NO. 8:18-cv-2518-T-23AEP

BRUNO ONE INC. et al.,

    Defendants.
_____/

## **ORDER**

In this state-law foreclosure action, the plaintiff, a residential mortgage loan trust, sues (Doc. 1) Caruso Bruno Ivan, Bruno One Inc., and several municipal agencies and homeowners' associations. On October 7, 2018, Ivan and Bruno One counterclaimed (Doc. 3-18) and asserted that in violation of — 42 U.S.C § 1983 — the plaintiff, the plaintiff's law firm, and the presiding state-court judge deprived Ivan and Bruno One of due process of law. Also, the counterclaim asserts claims under Florida contract law. On October 13, 2018, Ivan and Bruno One removed (Doc. 3) the action.

Under 28 U.S.C. § 1441, a defendant can remove an action over which a federal court has diversity jurisdiction or federal question jurisdiction. A removing defendant bears the burden of establishing facts to support federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).

**Diversity Jurisdiction**

The notice of removal asserts that the district court has diversity jurisdiction because the amount in controversy exceeds $75,000 and because no plaintiff and no defendant are citizens of the same state. However, under 28 U.S.C. § 1441(b)(2), a defendant cannot remove an action on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the action was filed. The plaintiff sues Ivan and Bruno One in state court and asserts state-law claims only, and Ivan and Bruno One admit in the notice of removal that Ivan and Bruno One are citizens of Florida.[1] Because they are citizens of the forum state, Ivan and Bruno One cannot remove on the basis of diversity jurisdiction.

Also, Ivan and Bruno One fail to establish diversity of citizenship. A party removing an action to federal court "bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Hldgs., L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Instead of establishing the citizenship of the parties, Ivan and Bruno One assert in the notice of removal that "[if] [the] [p]laintiff wishes to object to diversity[,] it must disclose its citizenship." This assertion improperly

---

[1] Also, the other defendants all appear to be citizens of Florida.

places the burden on the plaintiff to disprove jurisdiction. Ivan and Bruno One fail to establish diversity of citizenship and therefore fail to establish diversity jurisdiction.[2]

**Federal Question Jurisdiction**

Nor can Ivan and Bruno One remove this action on the basis of federal question jurisdiction. In the counterclaim, Ivan and Bruno One assert a claim under 42 U.S.C. §1983. However, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the [action] 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original); *see also Holmes Grp. Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) ("[a]llowing responsive pleadings . . . to establish 'arising under' jurisdiction would undermine the clarity and ease administration of the well-pleaded-complaint doctrine.") The complaint asserts state-law claims only, and the existence of a counterclaim asserting a violation of federal law provides no basis for federal question jurisdiction.

Also, the notice of removal cites to 28 U.S.C. § 1443(1), which permits the removal of certain civil rights actions. Under 28 U.S.C. § 1443(1), a removing defendant must demonstrate that "the right upon which [the defendant] relies 'arises under a federal law providing for specific civil rights stated in terms of racial equality.'" *Nat'l City Bank v. Bedasee*, 708 F. App'x 641, 642 (11th Cir. Jan. 10, 2018)

---

[2] In fact, the complaint alleges that the plaintiff "is a limited liability company doing business in Hillsborough County, Florida."

- 3 -

(quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Ivan and Bruno One assert in the counterclaim a violation of due process rights under 42 U.S.C. § 1983. However, "[n]either the due process clause . . . nor 42 U.S.C. § 1983 can be the basis for removal jurisdiction under Section 1443(1), because those laws confer broad rights that are generally available to all persons and are not stated in terms of racial equality." *Nat'l City Bank*, 708 F. App'x at 642 (rejecting a defendant's attempt to remove under 28 U.S.C. § 1443(1) a mortgage-foreclosure action in which the defendant asserted a violation of the due process clause under 42 U.S.C. § 1983); *see also Alabama v. Conley*, 245 F.3d 1292, 1295–96 (11th Cir. 2001); *Rachel*, 384 U.S. at 792. Section 1443(1) provides no basis to remove the action.

Ivan and Bruno One fail to establish diversity or federal question jurisdiction, and 28 U.S.C. § 1441(b)(2) bars removal. The action is **REMANDED**. The clerk is directed (1) to mail a certified copy of this order to the clerk of the Circuit Court for Hillsborough County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on November 7, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE